IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JANICE LOUISE COOK TAYLOR, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> INSURANCE COMPANY OF NORTH AMERICA, et al., <br><br> Defendants. | ORDER <br><br> AND <br><br> MEMORANDUM DECISION <br><br> Case No. 2:03-CV-1036 TC |

## INTRODUCTION

Plaintiffs are the families of eight victims who died in a crash of a Mitsubishi MU-2B-36 aircraft (the "subject aircraft").  Plaintiffs contend that they are the assignees of the rights of D&D Aviation, LLC ("D&D") under an aircraft liability insurance contract ("the Policy") with Defendant Insurance Company of North America ("INA").  Plaintiffs have brought this lawsuit against INA to recover the Policy's $20 million limit.

The matter is before the court on the Plaintiffs' Motion for Partial Summary Judgment. For the reasons set forth below, the court denies the motion.

## ANALYSIS[1]

Federal Rule of Civil Procedure 56 permits the entry of summary judgment "if the

---

[1] The relevant facts are undisputed and are discussed at length in the parties' materials.  The court will not repeat them except when necessary to explain its order.

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).  The court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).

This is a diversity action, so the court looks to the forum state's substantive law, in this case Utah law.  Signature Dev. Cos., Inc. v. Royal Ins. Co. of America, 230 F.3d 1215, 1218 (10th Cir. 2000).

Plaintiffs argue that under the Policy, INA owed a duty to defend D&D in the lawsuits filed by the Plaintiffs against D&D (and other defendants) in the Third Judicial District Court of Utah (the "state lawsuits").  According to Plaintiffs, INA breached the Policy when it refused to defend D&D in the state lawsuits.  Plaintiffs contend that as part of the settlement they reached with D&D in the state lawsuits, D&D assigned all of its rights under the Policy to Plaintiffs.  Plaintiffs then brought this action against INA and others contending that as D&D's assignees, they are entitled to recover the $20 million dollar policy limit owed by INA to D&D for its breach of the Policy.

INA raises two defenses to Plaintiffs' claims.  First, INA disputes the validity of the assignment by D&D to Plaintiffs of D&D's rights under the Policy.  Second, INA argues that the subject aircraft was not insured under the Policy.

The Validity of the Assignment

Defendants contend that Plaintiffs are not valid assignees of D&D's rights in the Policy because the settlement agreement was not executed by an agent of D&D. But the record demonstrates that the assignment was part of the consideration given by D&D to Plaintiffs to settle the state lawsuits. Most significant are the "Order[s] Approving Settlement of Minors' Claims and Execution of Release and Authorizing Distribution of Proceeds" in the state lawsuits. In those orders (which are substantially identical), the judges recognized that the assignment of D&D's rights under the Policy were part of the settlements. (Ex. C to Pls.' Resp. to Defs.' Mot. to Dismiss, attached as Ex. B to Pls.' Reply to INA's Opp'n to Pls.' Mot. for Summ. J.) Accordingly, the court concludes that the Plaintiffs did receive a valid assignment of D&D's rights in the policy.

Coverage of the Subject Aircraft

Plaintiffs point out, correctly, that because insurance contracts are contracts of adhesion and are drafted by the insurer, they must be strictly interpreted against the insurer. U.S. Fidelity & Guar. Co. v. Sandt, 854 P.2d 519, 521-22 (Utah 1993). But even when the Policy is read in this light, it is clear that the Subject Aircraft was not covered.

First, the Amended Coverage Data Page refers to a "Schedule of Aircraft" which reads: "The following is a description of the aircraft covered under this policy." (Policy No. SO 03 01 08 5, attached as Ex. B to Pls.' Mem. in Supp. of Mot. for Summ. J., at 000001-2.) The Subject Aircraft is not one of the aircraft listed. (Id.)

Second, the Policy explains, "When we refer to 'your aircraft' in this policy we mean

your airplane or helicopter described on the Coverage Data Page . . . ." (Id. at 000066.)[2]

Plaintiffs argue that even though the Subject Aircraft was not listed as a covered aircraft and falls outside the definition of "your aircraft," it was covered under the Policy. They rest their argument on the following Policy Provisions:

> (1) "Bodily Injury and Property Damage" (Policy's "Part 3. Liability Coverage")

The introduction to this section reads: "This coverage shall pay on your behalf claims that someone else files against you for *bodily injury* losses, *property damage* losses, or both. However, you must be legally responsible for the losses. Also, the losses must result from an *occurrence* that happens during the *policy period* and that involves an aircraft which you own, maintain, or use." (Id. at 000070 (emphasis in original).) Plaintiffs contend that use of the phrase "an aircraft which you own, maintain or use" and not the defined term "your aircraft" shows that the coverage provided by this provision is not limited to aircraft listed on the Coverage Data Page.

But INA points to Part 5 of the Policy, which describes "the coverage you have for aircraft not described on the Coverage Data Page." (Id. at 000077.) The court agrees with INA that the interpretation Plaintiffs are urging the court to give to this provision is at odds with the entire Policy when read as a whole, particularly in light of the Coverage Data Page and Part 5.

---

[2] The parties dispute whether D&D paid INA a premium for coverage of the Subject Aircraft. INA has submitted the affidavit of Louis Feger, who was an underwriter at INA. Mr. Feger states unequivocally that "D&D never paid any premium to INA for the accident aircraft." (Feger Aff., Ex. B to INA's Mem. in Opp'n to Pls.' Mot. for Partial Summ. J. ¶ 4.) Plaintiffs maintain that D&D paid an annual premium of $57,547.00 which covered all aircraft D&D operated, maintained or used by D&D in air transportation. Although Plaintiffs' argument is not persuasive, this issue is not determinative of the court's decision.

(2) The Air Taxi Endorsement

Plaintiffs contend that by this endorsement, INA agreed that in exchange for the annual $57,547 premium paid by D&D, INA would "insure all aircraft operated, maintained or used by D&D in air transportation up to the $20,000,000 bodily injury limits provided." (Pls.' Reply to INA's Opp'n to Pls.' Mot. for Partial Summ. J. at 7.)

But INA argues that the Endorsement covers only those aircraft listed in the Coverage Data Page. INA relies on several provisions in the Endorsement in support of its argument. First, INA points to the first paragraph which describes the consideration for the Endorsement as "the premium stated in the [P]olicy." (Policy at 000051.) As noted, INA maintains, and has offered evidence, that D&D paid no premium for the Subject Aircraft.

Second, paragraph 4 of the Endorsement affords coverage to certain substitute aircraft if an aircraft "declared in this policy is withdrawn from normal use . . . ." (Id.) INA contends that because there is coverage under the Endorsement for substitute aircraft only if the substitution is made for an aircraft listed in the Coverage Data Page section, it is evident that all coverage granted under the Endorsement is similarly limited.

Again, the court agrees with INA. Plaintiffs' arguments are simply not supported by the terms of the Endorsement.

**ORDER**

For the above reasons, the court DENIES Plaintiffs' Motion for Partial Summary Judgment. The parties are directed to notify the court why, in light of this order, the court should not grant judgment to INA and dismiss the entire case.

DATED this 17th day of June, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge